352 So.2d 576 (1977)
Tom Fairfield BROWN and Gary R. Brown, As the Co-Personal Representatives of the Estate of James H. Harrell, Deceased, Appellants,
v.
SUPERIOR PONTIAC-GMC, INC., a Florida Corporation, and Jim Harrell Pontiac, Inc., an Alabama Corporation, Appellees.
No. 77-311.
District Court of Appeal of Florida, Second District.
December 2, 1977.
*577 August M. Van Eepoel of Trenam, Simmons, Kemker, Scharf & Barkin, Tampa, for appellants.
Charles F. Clark and Claude H. Tison, Jr. of Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellee Jim Harrell Pontiac, Inc.
No appearance for appellee Superior Pontiac-GMC, Inc.
GRIMES, Acting Chief Judge.
The issue presented on this appeal is whether a stockholder who dissents from the sale of his corporation's assets is a creditor under Florida's bulk transfer statutes, Chapter 676, Florida Statutes (1975).
Jim Harrell Pontiac, Inc. was an Alabama corporation which operated an automobile agency in Tampa. On October 30, 1975, this corporation entered into a written agreement to sell its assets to Bay Pontiac Company (now Superior Pontiac-GMC, Inc.). In anticipation of the sale, Bay Pontiac published a notice of the bulk transfer on November 1, 1975.
On November 10, 1975, the stockholders of Jim Harrell Pontiac, Inc. held a meeting to authorize the sale. At this meeting, the estate of James H. Harrell, which owned 25% of the common stock of the corporation, objected to the proposed sale and voted against it. Nevertheless, the holders of the required percentage of stock approved the sale. Thereupon, Harrell's estate filed a dissenting stockholder's demand and sought a determination of the fair value of its minority stock interest pursuant to Alabama Code Title 10, Section 21(62).[1] Harrell's estate also filed with Bay Pontiac a notice of its claim against Jim Harrell Pontiac, Inc. The sale of assets was closed on November 11, 1975. Thereafter, Bay Pontiac interpleaded the purchase money and sought the court's directions as to whom it should be paid.
There is no doubt that Harrell's estate is entitled to the fair value of its stock as a dissenting minority stockholder. The question is whether the estate qualifies as a bulk transfer creditor so that it may be paid directly by Bay Pontiac out of the purchase price of the assets. The trial court ruled against the estate. We agree.
The obvious purpose of the bulk transfer statutes is to protect ordinary trade creditors who have a right to expect that their bills will be paid from the assets of an ongoing business. Though the applicable definition of creditor is broad,[2] we do not believe that the legislature intended to include a dissenting stockholder within the protection afforded by the bulk transfer statutes.
Moreover, only those creditors holding claims based on transactions or events occurring before the bulk transfer are protected. Section 676.109, Florida Statutes (1975). While under the dissenting stockholder statute the shares of stock are to be valued as of the day preceding the bulk sale, it is the consummation of the sale and not the valuation date which gives rise to the right of redemption. Until the sale was closed, the Harrell estate occupied the status of a stockholder rather than a creditor and, as such, could not be a bulk transfer creditor. Cf. Oklahoma Hotel Building Co. v. Houghton, 202 Okla. 591, 216 P.2d 288 (1949).
AFFIRMED.
SCHEB and OTT, JJ., concur.
NOTES
[1] This statute is Alabama's counterpart to Florida's Section 607.247, Florida Statutes (1975).
[2] § 671.201(12), Fla. Stat. (1975).